Dear Mr. Wilson:
This letter is in response to your request for an official opinion from this office on the following question:
 "What effect will Amendment No. 8 have on the enforcement of 11 CSR 70-2.140
(12) and 11 CSR 70-2.240 (5)(G) of the Rules and Regulations of the Supervisor of Liquor?"
 11 CSR 70-2.140(12), referred to in your request, provides as follows:
 "(12) No licensee shall allow upon or about his licensed premises, any gambling of any kind or character whatsoever in which the one who plays stands to win or lose money, trade checks, prizes, merchandise or any other consideration whatsoever.
 "No licensee shall have any gambling devices upon his licensed premises whereby money, trade checks, prizes, merchandise or property or any other consideration whatsoever may be won or lost."
 11 CSR 70-2.240(5)(G) provides:
 "(5) No advertisement of intoxicating liquor or non-intoxicating beer shall contain:
* * *
 "(G) Any statement offering any coupon, premium, prize, rebate, sales price below cost, or discount as an inducement to purchase intoxicating liquor or non-intoxicating beer."
The relevant portion of Amendment No. 8 (Section 39(9), Article III, Missouri Constitution, V.A.M.S.) referred to in your request provides:
"The general assembly shall not have power:
* * *
 "(9) To authorize lotteries or gift enterprises for any purpose and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be so construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for the privilege or opportunity of participating or for receiving the award or prize and the term `lottery or gift enterprise' shall mean only those games or contests whereby money or something of value is exchanged directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision."
Although not specifically mentioned in your request, Chapter 572 of the new Criminal Code has revised the Missouri statutory gambling laws. Section 572.100, RSMo Supp. 1977, provides as follows:
 "The general assembly by enacting this chapter intends to preempt any other regulation of the area covered by this chapter. No governmental subdivision or agency may enact or enforce a law that regulates or makes any conduct in the area covered by this chapter an offense, or the subject of a criminal or civil penalty or sanction of any kind."
Pursuant to the above statute, the Division of Liquor Control may not attempt to regulate gambling activity. Therefore,11 CSR 70-2.140(12) can no longer be enforced.
11 CSR 70-2.240(5)(G) does not attempt to regulate gambling activity but rather is concerned with the advertising techniques employed by licensees. This regulation may still be enforced without violating Section 572.100. Moreover, since the above regulation only limits advertising techniques, it is the opinion of this office that Amendment No. 8 will have no effect on its enforcement.
Very truly yours,
 JOHN ASHCROFT Attorney General